UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DANIELLE VINTON<br>    Plaintiff | )<br>)<br>)<br>) | |
| v. | ) | Docket No. 4:16-cv-11733-DHH |
| TU MODA SPA FOR BEAUTY<br>AND WELLNESS, INC. and<br>JOSUE ROSA,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**
[Fed.R.Civ.P. 12(b)(6)]

Defendants respectfully submit this memorandum of law in support of their motion to dismiss Counts I and II of the complaint for failure to state a claim upon which relief may be granted. In brief, defendants assert that the well pleaded facts of the complaint, disregarding conclusory statements of legal elements, do not make out a plausible case that defendants violated the statutory and case law standards put forward as the bases for the claims.

**I.   FACTS**

The complaint states claims for failure to pay for all hours worked (Count I), illegal pay deductions (Count II) and for failure to pay accrued sick time (Count III). According to the complaint: plaintiff most commonly would work 25 hours a week, Complaint ¶17; she "was paid weekly on a purely commission-only basis," *Id* ¶13; she was forced to perform various tasks that did not generate commissions and for which she was not compensated. *Id.*¶ 14 – 16, 18, 19. As to pay deductions the complaint states plaintiff was paid commissions at a rate of 55 percent of the customer charge for a given service or procedure, with a deduction for costs of products used and costs of business such as rent. *Id* ¶¶24-33.

**II.     ARGUMENT**

Count I of the complaint states the terms of plaintiff's employment violate the federal minimum wage law, 29 U.S.C. § 206(a) (1), but it does not state, nor do the facts averred establish, that her compensation for all hours worked amounted to less than the federal minimum wage.  The complaint states the terms violated M.G.L. c. 149 § 100 and 101, which provides for meal breaks during a work shift of six hours or more, but there is nothing to show that plaintiff was denied meal breaks.  Lastly, Count I claims violation of state law providing for overtime pay, M.G.L. c. 151 § 1A, but again the facts stated give no plausible basis for that claim.

Count II regarding pay deductions  relies not on statute but on *Awuah v. Coverall North America Inc.,* 460 Mass 484 (2011), a case that not only gives no support to plaintiff's position but plainly negates it.

Unlike this case, *Awuah* deals with calculation of damages for janitorial employees held in a federal suit to have been misclassified as contractors.  *See Awuah v. Coverall N. Am., Inc.*, 707 F.Supp.2d 80, 84-5 (D.Mass. 2010).  The federal district court certified questions to the Supreme Judicial Court regarding the calculation damages for a plaintiff.  In response the SJC held the defendant had violated state law by failing to pay the employee until customers paid their bills and by requiring employees to pay costs that by statute were the employer's responsibility, e.g., workers compensation insurance. 460 Mass. 491, 494.  The SJC was not asked, and did not address, the question of whether an employer could deduct from an employee's pay expenses not statutorily mandated.

The federal court, however, in a second round of the litigation in *Awuah*, held that such costs could be deducted from the compensation, so long as the employee received at least the minimum wage.  *Awuah v. Coverall N. Am., Inc.,*  740 F.Supp.2d 240, 243 (D.Mass.2010)

("There is no statute proscribing the parties from agreeing to this cost shifting so long as [the employee] earns at least minimum wage.") (citing 455 Code of Mass. Reg. 2.04(1)).

Thus the plaintiff is correct in arguing that the law may void contract provisions that contravene the intent of the law, but her premise for invoking that rule, i.e., that legislative policy deprecates deduction from employee pay of costs not placed on the employer by statute, has no basis. Under state law "[e]mployees, may be paid on a 100 percent commission basis provided they are not paid less than the applicable minimum wage for all hours worked." Massachusetts Attorney General's opinion letter MW-2003-004, March 14, 2003.

For these reasons the defendants submit that the complaint cannot be read as stating facts that, if true, would establish the legal claims advanced in Count I or in Count II.  When considering a Rule 12(b)(6) motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.,* 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino,* 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the plaintiff must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly,* 550 U.S. at 570. That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . ." *Id.* at 555 (internal citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. at 678, 129  (quoting *Twombly,* 550 U.S. at 556). Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm.,* LLC, 521 F.3d 76, 84 (1st Cir. 2008) (internal quotations and original alterations omitted). "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint."

*Ocasio-Hernàndez v. Fortuño-Burset,* 640 F.3d 1, 13 (1st Cir. 2011). If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *S.E.C. v. Tambone,* 597 F.3d 436,442 (1st Cir. 2010).

"The rule that we accept [plaintiff's] well-pleaded factual averments and indulge every reasonable inference hospitable to [her] case does not entitle [her] to rest on subjective characterizations or conclusory descriptions . . ." *Judge* v. *Lowell,* 160 F.3d 67, 77 (1st Cir. 1998), quoting *Correa-Martinez* v. *Arrillaga-Belendez,* 903 F.2d 49, 53 (1st Cir. 1990)(internal quotation marks omitted.. See generally 5A C.A. Wright & A.R. Miller, *supra* at 315-318 nn. 16-21, and cases cited.

**III    CONCLUSION**

For the foregoing reasons, plaintiff requests that the motion be allowed and that Counts I and II of the complaint be dismissed with prejudice.

                                          Respectfully submitted,
                                          Defendants
                                          By their attorneys,


                                          /s/ *Robert A. Scott*_____
                                          Hector E. Pineiro BBO #555315
                                          Robert A. Scott BBO #648740
                                          Law Office of Hector E. Pineiro, P.C.
                                          807 Main Street
                                          Worcester, MA 01610
                                          (508) 770-0600
                                          robin@pineirolegal.com

DATED:  June 12, 2017

## CERTIFICATE OF SERVICE

      I, Robert A. Scott, certify that the within pleading, filed this June 12, 2017, via the electronic filing system of the Court, has thereby been served on all registered participants, and there are no unregistered participants.

                                      /s/ *Robert A. Scott*
                                      Robert A. Scott